## TERRITORY *v.* Kinney.

Filed January 30, 1886

1. Appeals in Criminal Cases — Continuance of Motion for Reargument.
   Where, after a judgment of conviction is affirmed on appeal, a motion for rehearing is filed, but is not heard at that term, and is argued and taken under advisement at the term following, but is again continued until the next succeeding term, it is still before the court for determination.

2. Criminal Law — Continuance — Application.
   Under Comp. Laws N. M. 1884, § 2050. on an application which is legally sufficient, a continuance must be granted, unless the opposing party will admit that the witness. if present, would testify to the facts stated in the application. The provision of section 2052, Id., allowing the opposite party to file written objections, does not entitle h'm to deny the allegations of fact in the application, but only to question its legal sufficiency.

Appeal from district court, Dona Ana county.

*Wm. Breeden*, Atty. Gen., for appellee.

*W. T. Thornton*, for appellant.

Brinker, J. The defendant was convicted in the court below of the crime of grand larceny. From the judgment of conviction he appealed to this court. At the January term, 1884, the judgment was affirmed. Thereupon defendant filed a motion for a rehearing. This motion was not disposed of at that term. At the January term, 1885, the motion was argued, submitted, and taken under advisement, but before it was determined there was a general order of continuance made, and court adjourned. The attorney general now insists that this court cannot consider the motion, because, as he claims, it should have been decided at the January term, 1884, and not having been then decided it has lost its vitality, and we cannot now open the judgment for the purpose of considering it. This position is untenable. The necessary steps to open the judgment were taken by defendant at the term when it was rendered, by the filing of the motion. It is therefore still before us for determination. *Bronson* v. *Schulten*, 104 U. S. 410. The cause was reargu.. l with the motion for rehearing. Defendent was indicted at the March term, 1883, and at the same term he filed a motion and affidavit for a continuance upon the ground of the absence of material witnesses. This motion and affidavit were in strict compliance with the requirements of the statute concerning continuances. Section 2049, Comp. Laws 1884. Section 2050, Comp. Laws 1884, provides that if the application for a continuance be insufficient it must be overruled, otherwise the cause shall be continued, unless the opposite party will admit that the witness, if present, would testify to the facts stated in

the application. If this admission is made the cause shall proceed; if not, then the continuance goes as of course. Section 2052 permits the party opposing the continuance to file written objections to the application, setting forth wherein he thinks it is insufficient.

Upon the filing of the application for continuance by defendant the court permitted the district attorney to file objections to it, denying in a large measure the truth of the facts stated, and also allowed to be filed the affidavit of Albert J. Fountain in support of the objections. The defendant objected to the filing of this affidavit. His objection was overruled, and he excepted. The defendant was then arraigned, and the trial proceeded, resulting in his conviction.

The evident intent of the statute is not to allow the party opposing the continuance to deny the truth of the matters alleged in the application. He can only object to their legal sufficiency. Were it otherwise, why require him to admit that the witness, if present, would testify to the facts stated, in order to prevent a postponement of the trial? If it was not proper to permit the denial of the truth of the affidavit it was error to allow the filing of counter-affidavits over the objections of defendant. The record shows that defendant had been apprehended but a short time before his trial, and had been in jail constantly since his arrest; that as soon as he was informed of his indictment he made every preparation for trial, by giving to his counsel a list of his witnesses, and causing process to be issued for them and placed in the hands of the sheriff for service. This was all he could be required to do. If those witnesses, or others by whom he could prove the same facts, were not present when the cause was called for trial, then, upon his making the proper application therefor, as was done here, he was entitled to a continuance. The statute is mandatory, and there is no room for the exercise of discretion by the court.

The motion for a rehearing is sustained, and for the errors committed by the court below the judgment is reversed and the cause remanded.

Long, C. J., and Henderson, J., concur.